915 F.2d 1570
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stanley L. BOSWELL, Plaintiff-Appellant,
v.
Peter VIDOR, Deputy Warden, Don Steele, Lieutenant, Fred
Hogle, Sergeant, Matt Cook, Correctional Officer, Douge
Green, Correctional Officer, in their individual and
official capacities, Defendants-Appellees.
 No. 89-2372.
 United States Court of Appeals, Sixth Circuit.
 Oct. 2, 1990.
 
 Before MILBURN, BOGGS and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Stanley Boswell, a pro se Michigan prisoner, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 On July 29, 1989, Boswell, while an inmate at the Ionia Maximum Correctional Facility, was provided with cleaning supplies with which to clean his cell. After Boswell had thrown a toilet brush and floor sponge out of his cell, defendant Cook requested that he return his cleaning supplies. Boswell refused to return a pair of plastic gloves despite being given a direct order to do so. Boswell was issued a major misconduct ticket for disobeying a direct order. Defendant Vidor authorized a forced entry into Boswell's cell to retrieve the plastic gloves. Boswell was asked repeatedly to return the gloves, but he refused. Ultimately, a response team, which included a nurse, forcefully entered Boswell's cell and retrieved the gloves. Boswell was treated by the attending nurse for an abrasion to his left eyelid, and he was then placed in full restraints. The entire incident was filmed on video tape.
 
 
 3
 Thereafter, seeking monetary, declaratory, and injunctive relief, Boswell sued these Michigan state corrections officials in their individual and official capacities alleging that he was subjected to cruel and unusual punishment. Specifically, Boswell alleged that defendants used excessive force in entering his cell because they allegedly gouged his left eye with a steel glove, and then they placed him in full restraints for twelve hours. Boswell also asserted pendent state claims for assault and battery. The defendants filed a motion to dismiss and Boswell filed five supplemental briefs in response to defendants' motion. The district court construed defendants' motion as being one for summary judgment, and thereafter granted the motion, finding that the defendants did not use excessive force in retrieving the plastic gloves and that the use of full restraints was reasonable under the circumstances. The court also dismissed Boswell's state claims without prejudice.
 
 
 4
 Upon review, we conclude that summary judgment was properly entered for the defendants. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). We therefore affirm the district court's judgment for the reasons stated in the court's opinion dated December 1, 1989. Rule 9(b)(5), Rules of the Sixth Circuit.